**CORRECTED**

# In the United States Court of Federal Claims

No. 24-642C
(Filed: April 28, 2025)
**NOT FOR PUBLICATION**

```
*************************************
SUZETTE GRACE RODRIGUEZ,           *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## OPINION AND ORDER

Plaintiff Suzette Grace Rodriguez, proceeding *pro se*, raises claims that appear to allege wrongful court proceedings in Florida. *See* Complaint (ECF 1); Am. Compl. (ECF 9). The government has moved to dismiss. *See* Motion (ECF 13). The motion to dismiss is **GRANTED**. Plaintiff has submitted a motion entitled "Objection-Settlement Conference RCFC-V(a)(b)(c)" (ECF 16). That motion is **DENIED AS MOOT**.[1] Plaintiff has submitted documents to the Clerk entitled "Motion-Subpoena RCFB/45-2" received by the Court on July 11, 2024; "Entry of Judgment" received by the Court on August 6, 2024; and "Entry of Judgment-Appx(I)/RCFC/3(c)" received by the Court on August 9, 2024. Those documents shall be **FILED BY MY LEAVE**. To the extent they request any relief, they are **DENIED AS MOOT**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

---

[1] The Government interpreted Plaintiff's motion as a response to the motion to dismiss, and filed a reply. Reply (ECF 17). Plaintiff filed a document entitled "Objection to Docket/17-RCFC-46/C" (ECF 19), which the Court construed as Plaintiff's Reply in support of her previous motion. *See* Order (ECF 18).

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Many of Plaintiff's allegations involve wrongdoing by state and local government officials or institutions. But this Court has no jurisdiction over claims against defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Claims arising from those allegations must be dismissed.

To the extent some of Plaintiff's claims do implicate the United States, many of them are outside the Court's jurisdiction for other reasons. Claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). I have been unable to identify allegations in Plaintiff's filings that suggest those types of claims.

Plaintiff may intend to challenge decisions of state or federal courts. This Court has no jurisdiction over such claims. *Jones v. United States*, 440 F. App'x 916, 918 (Fed Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Defendant's motion to dismiss (ECF 13) is **GRANTED**. Plaintiff's motion (ECF 16) is **DENIED AS MOOT**. Plaintiff's documents entitled "Motion-Subpoena RCFB/45-2" received by the Court on July 11, 2024; "Entry of Judgment" received by the Court on August 6, 2024; and "Entry of Judgment-Appx(I)/RCFC/3(c)" received

- 3 -

by the Court on August 9, 2024, shall be **FILED BY MY LEAVE**. To the extent they request any relief, they are **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
